United States District Court
Southern District of Texas
**ENTERED**
July 13, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PIERRE OGENNA NWOKE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-22-1856 |
| | § | |
| K.L. RAMIREZ, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION

Pierre Nwoke, representing himself, alleges that Officer K.L. Ramirez unlawfully arrested him for criminal trespass while he was attending an Alcoholics Anonymous meeting on December 31, 2019. Nwoke alleges that the AA meeting was held in the building that he paid rent to live in, but Officer Ramirez ignored this explanation for his presence and used physical force to arrest him, including "kicks, chops, and karate sweeps." Nwoke spent 496 days in county jail. The case against him was eventually dismissed. Nwoke alleges that he suffered beatings while incarcerated, resulting in physical scars and mental suffering.

In April 2022, Nwoke filed a state court petition for a restraining order against Ramirez, alleging wrongful arrest, false imprisonment, police misconduct, illegal procedure, illegal search, malicious prosecution, excessive force, criminal mischief, falsifying evidence, and cruel and unusual punishment. (Docket Entry No. 1-1 at 5). Officer Ramirez answered and removed the case to this court. Officer Ramirez now moves for judgment on the pleadings. (Docket Entry No. 3). Nwoke did not respond to the motion.

After careful consideration of the pleadings, the parties' arguments, and the applicable law, the court grants the motion with prejudice as to the federal claims and grants the motion without prejudice as to the state law claims.

Counsel for Officer Ramirez has notified the court that they have been unable to locate Nwoke and that he no longer resides at the address provided to the court. This provides an additional basis to dismiss this case.

The reasons are explained below.

### I.     The Legal Standards

"The filings of a *pro se* litigant are to be liberally construed, . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019) (emphasis and alterations in original) (citation and internal quotation marks omitted). But "pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (per curiam) (citation omitted).

"A motion brought pursuant to Federal Rule of Civil Procedure 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citations omitted). The Rule 12(c) standard is the same as that under Rule 12(b)(6). *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010).

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

"A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting Twombly, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting Twombly, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

**II.     Analysis**

Nwoke alleges that he was "sewing during testimony" at an AA meeting on December 24, 2019, when Officer Ramirez asked him to step outside. (Docket Entry No. 1-1 at 5). Nwoke alleges that Officer Ramirez told him that he was under arrest for trespassing. Nwoke explained to her that he paid money to live at the Men's Center, where the meeting was held. (Docket Entry No. 1-1 at 5). She repeated that he was under arrest. (Docket Entry No. 1-1 at 5). Nwoke again refused to submit to the arrest. (Docket Entry No. 1-1 at 5). He backed away from the officer and told her that he needed to grab her phone. He alleges that she then used force, including "kicks, chops, and karate sweeps." (Docket Entry No. 1-1 at 5). He alleges that that when he again backed away from Officer Ramirez again, she "began to wrestle with [him.]" (Docket Entry No. 1-1 at 5). Nwoke alleges that Officer Ramirez refused to calm down, (Docket Entry No. 1-1 at 5), and falsely accused him of assault. Nwoke alleges that Officer Ramirez "perjured on record that she was assaulted." (Docket Entry No. 1-1 at 5). He spent 496 days in county jail, and after his case was reviewed by the prosecutor in March 2022, he was released and the case was dismissed. (Docket Entry No. 1-1 at 5). He alleges that he suffered physical and mental injuries because of beatings from other inmates in the county jail. (Docket Entry No. 1-1 at 5).

In his petition for a temporary restraining order filed in state court in April 2022, Nwoke lists the following as "crimes committed" by Officer Ramirez: wrongful arrest, false imprisonment, police misconduct, illegal procedure, illegal search, malicious prosecution, excessive force, criminal mischief, falsifying evidence, and cruel and unusual punishment. (Docket Entry No. 1-1 at 5). Nwoke appears to be seeking relief under § 1983 claims for violations of his Fourth, Eighth, and Fourteenth Amendment rights, as well as various state law claims. Both the federal and state law claims are analyzed below.

### A. The Claims Were Filed Too Late

"The statute of limitations for a section 1983 claim is determined by the forum state's limitations period for personal injury torts." *Morrill v. City of Denton, Texas*, 693 F. App'x 304, 305 (5th Cir. 2017) (citing *Wallace v. Kato*, 549, U.S. 384, 387 (2007)). Nwoke's claims under § 1983 for excessive force, unreasonable search and seizure, and false arrest are all governed by a two-year statute of limitations. *Humphreys v. City of Ganado, Tex.*, 467 F. App'x 252, 255 (5th Cir. 2012). "[A] cause of action under Section 1983 accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Id.* (quoting *Price v. City of San Antonio*, 431 F.3d 890, 893 (5th Cir.2005)). Nwoke became aware of the injuries supporting his claims for excessive force, illegal search and seizure, false arrest, and false imprisonment on the day that those injuries occurred—December 24, 2019. Nwoke did not file suit seeking relief for these acts until he filed a state court action seeking a restraining order and asserting federal civil rights violations on April 5, 2022. Because Nwoke failed to file suit before December 24, 2021, his claims are untimely. Amendment would be futile. His civil rights claims under § 1983 are dismissed with prejudice.

### B. The Pleadings Do Not Allege a Violation of a Constitutional Right

Even if his claims were not time-barred, Nwoke has failed to state a valid claim under § 1983, and the record shows that amendment would be futile. Nwoke must allege facts that could show a violation of rights secured by the Constitution or laws of the United States, and that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Gomez v Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). When the facts alleged by the plaintiff, taken as true, do not show a violation of a constitutional right, the complaint is properly dismissed. *See, e.g., Samford v. Dretke*, 562 F.3d 674, 678 (5th

Cir. 2009) (per curiam); *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006). When the plaintiff fails to allege facts showing that the defendant has violated a constitutional right, the court does not need to address qualified immunity. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001).

The Fourth Amendment to the United States Constitution prohibits unreasonable seizures, including those obtained through the use of excessive force. *See* U.S. CONST. amend. IV; *see also Mapp v. Ohio*, 367 U.S. 643, 655 (1961). When evaluating an excessive force claim in the context of an arrest, courts must pay "'careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Salazar v. Molina*, 37 F.4th 278, 281 (5th Cir. 2022) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). The court must also consider the degree of force used because "the permissible degree of force depends on the *Graham* factors." *Id.* (quoting *Cooper v. Brown*, 844 F.3d 517, 524-25 (5th Cir. 2016)). An officer faced with an uncooperative arrestee may use "measured and ascending actions that correspond to [the arrestee's] escalating verbal and physical resistance." *Cloud v. Stone*, 993 F.3d 379, 384 (5th Cir. 2021) (quoting *Joseph ex rel. Estate of Joseph v. Bartlett*, 981 F.3d 319, 332 (5th Cir. 2020)).

Nwoke has not presented factual allegations that could show that Officer Ramirez's use of force was excessive under the circumstances. By his own allegations, it was only after he refused arrest and backed away from her, as she attempted to arrest him for trespass, that she used force. Nwoke has not alleged facts that could show that the degree of force used was excessive to the need.

For Nwoke's false arrest claim, he must plead facts that could show that Ramirez did not have probable cause to arrest him. *See Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001) ("The

6

'constitutional torts' of false arrest . . . and false imprisonment . . . require a showing of no probable cause."). The presence or absence of probable cause turns on the totality of the circumstances surrounding the arrest. *See Ornelas v. United States*, 517 U.S. 690, 696-97 (1996). The question is "whether, at the moment the arrest was made, the officers had probable cause to make it— whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that [the suspect] had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964); *see also Hunter v. Bryant*, 502 U.S. 224, 228 (1991) (per curiam); *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001).

Nwoke alleges that Officer Ramirez attempted to arrest him for trespassing "before gathering all the facts," and before he could show her that he "paid money to live" at the Men's Center. (Docket Entry No. 101 at 5). His conclusory statement that Officer Ramirez did not have all the facts does not allege that the information available to her was insufficient for probable cause. Nwoke's own allegations include that he refused to cooperate with Officer Ramirez, and that he backed away from her when she tried to arrest him. Both support probable cause for resisting arrest.

Officer Ramirez also urges the court to take judicial notice that a grand jury found probable cause to indict Nwoke for assaulting a peace officer based on this incident. Under the independent intermediary rule, the grand jury indictment is a bar to Nwoke's false arrest claim. *SeeTaylor v. Gregg*, 36 F.3d 453, 456 (5th Cir. 1994), *overruled on other grounds by Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003) (en banc). This bar applies "even if the independent intermediary's action occurred after the arrest, and even if the arrestee was never convicted of any crime." *Buehler v. City of Austin/Austin Police Dep't*, 824 F.3d 548, 554 (5th Cir. 2016).

Nwoke has not alleged facts that show that he was unlawfully searched by Officer Ramirez. As for his allegations as to the conditions of his custody, Nwoke's allegations that other inmates beat him is insufficient to state a claim under the Fourteenth Amendment. *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 419–20 (5th Cir. 2017) (for a Fourteenth Amendment failure-to-protect claim, the plaintiff must show that the official knew of and disregarded a substantial risk of serious harm).

Nwoke listed causes of action, labeled as "crimes," with few factual allegations describing the circumstances of his arrest and detention. This is insufficient to state a claim for violations of his constitutional rights.

### C. The State Law Claims

To the extent that Nwoke's complaint asserts any state law claims against Ramirez, the court declines to exercise supplemental jurisdiction over these claims. Federal courts may decide claims arising from violations of federal law and accompanying state law claims over which the court may exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). Because the defendants are entitled to judgment on the pleadings on the federal claims, no federal question remains before this court. This remaining state law claims are dismissed without prejudice.

### D. The Failure to Prosecute

Under Local Rule 83.4, a *pro se* litigant is responsible for keeping the Clerk advised in writing of his current address. Counsel for Officer Ramirez notified the court that he is no longer available at the address provided in his pleading. Dismissal for want of prosecution and failure to follow the court's rules is appropriate. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995); 8 J. MOORE, FEDERAL PRACTICE § 41.51(3)(b) & (e) (3d ed. 1998).

### III. Conclusion

Officer Ramirez's motion for judgment as to the federal claims is granted with prejudice and without leave to amend. Any remaining state law claims are dismissed without prejudice. Final judgment is entered by separate order.

SIGNED on July 13, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge